**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**
**NEW HAVEN DIVISION**

| | | |
|---|---|---|
| CHARTER COMMUNICATIONS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO: 3:25-cv-00025-SFR |
| | ) | |
| PRASHANTH MYLA, | ) | |
| | ) | |
| Defendant. | ) | January 24, 2025 |
| | ) | |
| | ) | |
| | ) | |

**PLAINTIFF CHARTER COMMUNICATIONS INC.'S EMERGENCY**
**MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY**
**INJUNCTION**

Pursuant to Rule 65 of the Federal Rules of Civil Procedure, two separate non-competition agreements between the Parties, and the Connecticut Uniform Trade Secrets Act, Charter Communications, Inc. ("Charter") moves the Court on an emergency basis to issue a temporary restraining order and preliminary injunction: (1) enjoining Plaintiff Prashanth Myla from working for Metronet or any other Charter competitor for twelve months; (2) enjoining Myla from using or disclosing any Charter confidential information or trade secrets pending the outcome of a separately pending arbitration; (3) enjoining Myla from taking any further action that would violate his restrictive covenants; and (4) tolling the restrictive covenants in the Agreements, beginning on the date Myla first violated the covenants.

Emergency and preliminary injunctive relief is necessary in this case, as all three factors that the Court considers when determining whether to order injunctive relief weigh conclusively in Charter's favor. *First*, Charter is likely to prevail on the merits of its claim against Myla because: (1) the non-competition covenants Myla violated are reasonable, enforceable restrictions under

Delaware law (which governs the Agreements), and (2) Myla's intimate knowledge of Charter's most valuable trade secrets gives Metronet and T-Mobile an immediate unfair advantage. ***Second***, Charter will suffer irreparable harm to its ability to compete against Metronet and T-Mobile because of Myla's breach of his non-competition covenants and misappropriation of trade secrets for the benefit of Metronet. ***Third***, the threatened injury to Charter far outweighs any harm Myla may suffer, as Charter's requested injunctive relief will prohibit Myla from working for Metronet for a mere twelve months, will not preclude him from using his skills in other industries, and will protect Charter from unfair competition.

Accordingly, as discussed in more detail in the attached Memorandum of Law in support of this Motion, Myla's actions will result in immediate and irreparable injury to Charter, and the Court should a temporary restraining order and preliminary injunction: (1) enjoining Myla from working for Metronet or any other competitor for twelve months; (2) enjoining Myla from using or disclosing any Charter confidential information or trade secrets pending the outcome of the arbitration; (3) enjoining Myla from taking any further action that would violate his restrictive covenants; and (4) tolling the restrictive covenants in the Agreements, beginning on the date Myla first violated the covenants.

Dated: January 24, 2025

**KABAT CHAPMAN & OZMER LLP**

*/s/ Nathan D. Chapman*
Nathan D. Chapman (*pro hac vice*)
Georgia Bar No. 244954
Chadwick L. Williams (*pro hac vice*)
Georgia Bar No. 161149
171 17th Street NW, Suite 1550
Atlanta, Georgia 30363
Telephone: (404) 400-7300
Facsimile: (404) 400-7333
nchapman@kcozlaw.com

cwilliams@kcozlaw.com
*Attorneys for Plaintiff*


**MURTHA CULLINA LLP**
Patricia Reilley
Fed. Bar No. 08352
Emily McDonough Souza
Fed Bar No. 30499
One Century Tower, 265 Church St.
9th Floor
New Haven, CT 06510
Telephone: 203-772-7700
Facsimile: 203-772-7723
preilly@murthalaw.com

3

**CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing was filed electronically and served with the

Court's CM/ECF system upon the following:

Glenn A. Duhl
gduhl@zcclawfirm.com
ZANGARI COHN CUTHBERTSON DUHL & GRELLO P.C.
59 Elm Street, Suite 400
New Haven, Connecticut 80202

*Attorney for Defendant*

Dated: January 24, 2025

*s/ Nathan D. Chapman*
Nathan D. Chapman