UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
NEW HAVEN DIVISION

| | | |
|---|---|---|
| CHARTER COMMUNICATIONS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO: 3:25-cv-00025-SFR |
| | ) | |
| PRASHANTH MYLA, | ) | |
| | ) | |
| Defendant. | ) | January 24, 2025 |
| | ) | |
| | ) | |
| | ) | |

## DECLARATION OF NATHAN D. CHAPMAN

I, Nathan D. Chapman, declare and state as follows:

1.    I am over 18 years of age. I am a Partner at Kabat Chapman & Ozmer LLP and serve as lead counsel for Plaintiff Charter Communications, Inc. in the above-captioned matter. I have been admitted *pro hac vice* to practice in this Court. (Dkt. 14.) I have personal knowledge of the matters set forth herein. If called and sworn as a witness, I could and would competently testify thereto.

2.    On November 22, 2024, I sent a letter to Prashanth Myla via overnight mail and email reminding him of his obligations under his various Restricted Stock Unit and Nonqualified Stock Option Agreements. The letter demanded that Myla affirm in writing his intention to comply with his post-employment obligations as set forth in his Agreements with Charter. A true and correct copy of that November 22, 2024 letter is attached hereto as **Exhibit A.**

3.    On December 4, 2024, I had a teleconference with Myla's counsel, who stated that Myla would not affirm his intent to comply with his contractual obligations. Myla's counsel also

informed me that Myla had accepted a position with Metronet as its Senior Vice President and Chief Information Officer.

4.      On January 7, 2025, immediately after filing the complaint in this case, I forwarded a copy of the complaint and related arbitration demand to Myla's counsel. In that email, I asked Myla's counsel to confirm by close of business on January 10, 2025 whether Myla had resigned his position with Metronet. I explained that, without this confirmation, Charter would be forced to move forward with seeking a temporary restraining order and preliminary injunction. A true and correct copy of this email is attached hereto as **Exhibit B**.

5.      On January 16, 2025, Myla's counsel and I had another teleconference, and we were unable to resolve the dispute between the parties.

**PURSUANT TO 28 U.S.C. § 1746, I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.**

Executed this __24th__ day of January, 2025 at _Atlanta_ , _Georgia_.

_____
Nathan D. Chapman

# Exhibit A



**KABAT CHAPMAN & OZMER LLP**

Atlanta   Chicago   Los Angeles

NATHAN D. CHAPMAN
DIRECT DIAL:  404.400.7303
E-MAIL: *nchapman@kcozlaw.com*

November 22, 2024

***VIA OVERNIGHT EXPRESS AND ELECTRONIC MAIL***

Prashanth Myla
10147 Atlanta Street
Parker, Colorado 80134
Prashanth.Myla@gmail.com

     **RE:**    **Violation of Post-Employment Obligations to Charter Communications, Inc.**

Dear Mr. Myla:

This firm represents Charter Communications, Inc., and its predecessors, subsidiaries, and affiliates (collectively, the "Company" or "Charter") with respect to your post-employment obligations pursuant to numerous Restricted Stock Unit Agreements ("RSU Agreements") and Nonqualified Stock Option Agreements ("Stock Option Agreements") issued to you in 2018, 2019, 2020, 2021, 2022, 2023, and 2024 (collectively, the "Agreements"). Please direct all future correspondence to my attention.

The Company has reason to believe that you are employed by a competitor of the Company in clear and direct violation of the non-competition provisions of the Agreements. Per the terms of the Agreements, you are prohibited from working for a "Competitive Business" in the geographic area where Charter does business, including, but not limited to Colorado. *See, e.g.*, 2024 RSU Agreement ¶ 6.32(i) & Schedule 1. Under your various agreements with Charter, this prohibition lasts for a minimum of twelve (12) months following the termination of your employment. In addition to being prohibited by the Agreements, your employment with a Charter competitor is especially troubling given that you had access to some of Charter's most closely guarded confidential and trade secret information, which you will inevitably use or disclose in your new position, and your intentional disregard of these obligations and the Agreements despite Charter reminding you of your obligations and the Agreements at the end of your employment with Charter.

Needless to say, your suspected conduct and violations of the Agreements would cause the Company financial and other damages, and harm its goodwill, business relationships, and other valuable assets for which no adequate remedy at law exists. As such, the Company is prepared to take all legal action permitted under the law to enjoin your employment by a Charter competitor

Mr. Prashanth Myla
November 22, 2024
Page 2

and recover damages, attorneys' fees, and costs incurred as a result of your violations of the Agreements. Before the Company pursues these actions, however, we are providing you an opportunity to come into compliance with your obligations under the Agreements and confirm that you understand, acknowledge, and will comply with your obligations under the Agreements.

Specifically, the Company demands that you confirm in writing and under penalty of perjury by signing Exhibit A to this letter that you have ceased any unlawful conduct and complied with the terms of the Agreements, including your representation and warranty that you will not work for, or provide any paid or unpaid services to, any "Competitive Business," as defined in the Agreements and will not do so until you have honored your agreements not to compete with the Company for a period of twelve (12) months following your separation from the Company, excluding all months during which you were in breach of the Agreements from the calculation of that time period—*i.e.*, from the inception of your employment with Charter's competitor to the date you cease violating the Agreements. *See, e.g.*, 2024 RSU Agreement ¶ 6.3.2(iii).

By giving you this opportunity, the Company does not waive any of its rights under the Agreements or otherwise, including its right to recover damages, attorneys' fees, costs, and other expenses of litigation from you in the event the Company is forced to pursue legal action. If you do not provide the written confirmation specified above and deliver a signed copy of this letter to my attention **by 5 p.m. EDT on Monday, December 2, 2024**, then the Company will pursue all its legal rights and remedies under the Agreements and hold you accountable for your conduct without any further notice to you.

To expedite the above, we request that you email a signed copy of your written confirmation to me at nchapman@kcozlaw.com and send the original to me via overnight courier at: Kabat Chapman & Ozmer LLP; 171 17th Street, NW; Suite 1550, Atlanta, Georgia 30363.

Finally, you must preserve all Documents and electronically stored information pertaining to your employment with Charter, the Agreements, your employment with Charter's competitor, and any other matters that are relevant or potentially relevant to the facts and circumstances discussed herein. For purposes of this letter, the term "Documents" shall have the broadest possible meaning under the Federal Rules of Civil Procedure and includes any writing or data, regardless of the form in which it is kept, that is in your employer's possession, control, or custody, or of which it has knowledge, including but not limited to, correspondence, memoranda, transcripts of any conversation or testimony, tapes, stenographic or hand-written notes, studies, publications, books, diaries, logs, instant messaging, electronic mail (e-mail), including but not limited to, server-based e-mail, web-based e-mail, dial-up e-mail, e-mail attachments, deleted e-mail, voice-mail, information stored on social networking sites, information created with the use of PDAs or smartphones, tablets, information stored in a cloud environment, text messages, information stored on removable hard drives, thumb drives, flash drives, CDs, DVDs, or other discs, pamphlets, pictures (drawings and photographs), films, microfilms, recordings (including any analog, digital, electromagnetic, optical, phonographic, or other media of audio and/or visual recordings), maps, reports, recommendations, appraisals, minutes, statistical computations, telegrams, telex messages, listing of telephone calls, telephone and/or cell phone records, books of account, ledgers, expense records, accounts payable, accounts receivable, analyses, and computer records (translated if necessary, by any person or entity that has control of such records through detection

Mr. Prashanth Myla
November 22, 2024
Page 3

devices into reasonably usable form); every draft of each such Document; every copy of each such Document where the original is not in your possession, custody, or control; and every copy of each such Document where such copy is not an identical copy of an original, or other copy, where such copy contains any commentary or notation whatsoever that does not appear on the original or other copy. The term "Documents" also includes any and all electronically stored information ("ESI"), computer records, data, and information of any kind in any form, regardless of whether it is printed out or stored on or retrievable from any floppy diskette, compact diskette, magnetic tape, optical or magnetic-optical disk, hard drive, cloud storage, or random-access memory, including without limitation, all back-up copies, undeleted data, and dormant or remnant files.

 We look forward to your prompt reply.

 Sincerely,

 *s/ Nathan D. Chapman*

 Nathan D. Chapman

Enclosures

Mr. Prashanth Myla
November 22, 2024
Page 4

## **EXHIBIT A**

**I hereby agree and affirm that I understand, acknowledge, and will comply with the above-listed demands from the Company and with my post-employment obligations as set forth in my Restricted Stock Unit Agreements and Nonqualified Stock Option Agreements with Charter. I affirm that I have resigned (or not commenced) any employment with a competitor of Charter, I have returned to Charter all Charter's Confidential Information and trade secrets in my possession, custody, or control, and I will take no further action in violation of my post-employment obligations to Charter, including, but not limited to, using or disclosing Charter's Confidential Information or trade secrets, soliciting, recruiting, enticing, or hiring any of the Company's employees, or soliciting the Company's customers.**

**Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.**

**Executed on _____ ____, 2024, at _____, _____.**


**_____**
**Prashanth Myla**

# Exhibit B

| | |
|---|---|
| **From:** | Nathan Chapman <nchapman@kcozlaw.com> |
| **Sent:** | Tuesday, January 7, 2025 4:00 PM |
| **To:** | Guesno, Jacqueline |
| **Cc:** | Chad Williams |
| **Subject:** | Charter v. Myla - Complaint and Arbitration Demand |
| **Attachments:** | Arbitration Demand Cover Form and Demand.pdf; #1 Complaint.pdf |

Jacqueline,

I hope you had a good holiday.  Attached are copies of the Complaint we filed in the District of Connecticut and the related arbitration demand we filed with the AAA today against Mr. Myla.  Are you authorized to accept service (we'll get the summons over to you as soon as we have it)?  Or should we proceed with serving Mr. Myla directly?

Also, please let us know by Friday at 5 pm ET whether Mr. Myla has resigned his position with Metronet as we'll need to move forward with our motion for a TRO and a preliminary injunction in short order.

Thanks very much.

**Nathan D. Chapman**
KABAT CHAPMAN & OZMER LLP
171 17th Street NW
Suite 1550
Atlanta, Georgia 30363
Direct: (404) 400-7303
Email: nchapman@kcozlaw.com
www.kcozlaw.com