UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | : | |
|---|---|---|
| **CHARTER COMMUNICATIONS, INC.,** | : | **CIV. CASE NO. 3-25-CV-025-SFR** |
| | : | |
| **Plaintiff,** | : | |
| v. | : | |
| | : | |
| **PRASHANTH MYLA,** | : | |
| | : | |
| **Defendant.** | : | **JANUARY 29, 2025** |
| | : | |

## DEFENDANT'S MOTION TO DISMISS OR TO TRANSFER

Pursuant to Fed. R. Civ. P. 12 (b)(3) and Fed. R. Civ. P. 12(b)(6), Defendant, Prashanth Myla ("Myla"), hereby moves the Court to dismiss this case or alternatively, pursuant to 28 U.S.C. §§ 1406 and 1404, transfer it to the United States District of Colorado, the proper venue.

Plaintiff, Charter Communications, Inc. ("Charter" or "Plaintiff"), seeks to enforce restrictive covenants against Myla, a Colorado resident who worked for Charter in Colorado, in this Connecticut court. The restrictive covenants are void under Colorado law and cannot be enforced because Charter failed to provide Myla separate notice of the restrictive covenants as required under Colorado law. The restrictive covenants also violate Colorado law because they are impermissibly broad by limiting Myla's ability to engage in work anywhere in the world for any company in the business of distributing video programming, providing Internet access, providing voice or data service, providing wireless communication services, or the sale of any analog or digital technology.

This Court is not the proper venue for Plaintiff's claims. Plaintiff's decision to attempt to litigate this matter in Connecticut contravenes Colorado law. Pursuant to Colorado law, a Colorado court should hear any claims regarding Charter's attempt to restrict the employment of Myla. C.R.S. § 8-2-113(6) ("A covenant not to compete that applies to a worker who, at the time of

termination of employment, primarily resided or worked in Colorado may not require the worker to adjudicate the enforceability of the covenant outside of Colorado.") Despite this edict, Plaintiff has brought its claims thousands of miles from Colorado in an improper venue. Accordingly, the Court should dismiss the case pursuant to Rule 12(b)(3) or transfer the case to the District of Colorado pursuant to 28 U.S.C. §§ 1406(a) or 1404(a)

Not only is this Court the improper venue for this action, but Charter's claims for injunctive relief based on breach of the restrictive covenants and violation of the Connecticut Uniform Trade Secrets Act are also subject to dismissal for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). Counts I and II for injunctive relief based on breach of contract fail to state claims for breach of the alleged covenants at issue. And likewise, Count III for injunctive relief based on misappropriation of trade secrets fails to state a claim because Charter does not sufficiently allege misappropriation and instead relies on an insufficiently pled inevitable disclosure theory, that is disfavored under Connecticut law and not viable under Colorado law.

For the reasons discussed herein and in the accompanying supporting memorandum, Defendant Prashanth Myla requests this Court dismiss Plaintiff's lawsuit, or alternatively, transfer it to the proper venue. A supporting memorandum of law is filed herewith.

**DEFENDANT**
**PRASHANTH MYLA**

By: /s/ Glenn A. Duhl
    Glenn A. Duhl ct03644
    Elizabeth A. Ditman ct31718
    Zangari Cohn Cuthbertson Duhl & Grello P.C.
    59 Elm Street, Suite 400
    New Haven, CT 06510
    GAD.: (203) 786-3709
    EAD: (203) 786-3717
    Fax: (203) 782-2766
    gduhl@zcclawfirm.com
    lditman@zcclawfirm.com

    and

    Jacqueline Guesno, Pro Hac Vice
    HKM Employment Attorneys, LLP
    518 17th Street, Suite 1100
    Denver, Colorado 80202
    Tel.: (720) 668-8989
    jguesno@hkm.com