# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **CHARTER COMMUNICATIONS, INC.,** : | CASE NO. 3:25-cv-025-SFR |
| **Plaintiff,** : | |
| v. : | |
| **PRASHANTH MYLA,** : | |
| **Defendant.** : | |
| : | MARCH 26, 2025 |

### SUPPLEMENTAL DECLARATION OF PRASHANTH MYLA

The undersigned states as follows:

1. I am over the age of eighteen and believe in the obligations of an oath.

2. I make this declaration on my own personal knowledge.

3. Charter has claimed that I received trade secret information in the weekly meetings, status updates, and program reviews; however, these meetings were attended by both employees and third-party contractors, indicating that the content at these meetings was not confidential or trade secrets but rather oriented towards project planning and status updates.

4. I never developed or managed the applications or the teams responsible for plant design tools, construction management tools, and plant telemetry platforms.

5. I was part of Charter's Information Technology organization, and I was not responsible for the deployment or the upkeep of network nodes related to Charter's wireless or wired networks. These issues were handled by Charter's network operations organization, for which I was never a part. I also dispute that these issues raise trade secrets at all.

6. I was also not involved in designing or developing any Charter solution for addressing area wide outages and mass registration issues. I also dispute that these issues raise trade secrets at all. All service providers have to address outages through their operational

procedures, and these procedures are unique to the provider and the technology ecosystem that is used. This sort of information would not be useful to Metronet because providers have different network architecture and technology ecosystems offered by third-party vendors.

7. Although I am listed on the patent application as the lead inventor, I was not the lead inventor. I was only consulted by the lead inventor and then added to the patent by Charter as a result of that consultation.

8. To my knowledge, this patent has not been approved.

9. Metronet is not an open-access wholesale fiber network services provider, so T-Mobile will be the only retail internet service provider accessing the wholesale services offered by Metronet. T-Mobile would be a single dedicated retail internet service provider.

10. Charter's concerns about Metronet scaling its operations are also no threat to Charter. Scalability issues arise with any growing company.

11. When I worked at Charter I had little to no visibility into Charter's cost and pricing strategy, and thus I do not have trade secrets that could be used to compete against Charter in this area.

In accordance with 28 U.S.C. § 1746, I certify under penalty of perjury that the foregoing is true and correct.

Executed on March 26, 2025.

*Prashanth Myla*
Prashanth Myla

Doc ID: 2259054fdb5f4760c5a78505cb7f05534c92ff39